UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERYBERTO H., <br><br>　　　　　　　　　　Plaintiff, <br><br>v. <br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>　　　　　　　　　　Defendant. | Case No.:  20-cv-02427-JLB <br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920** <br><br>**[ECF No. 17]** |

　　　　On December 11, 2020, Eryberto H. ("Plaintiff") filed a complaint seeking judicial review of the denial of his applications for social security disability benefits and supplemental security income benefits by the Commissioner of Social Security (the "Commissioner"). (ECF No. 1.)  The Commissioner filed the administrative record on June 1, 2021. (ECF No. 10.)  On August 11, 2011, Plaintiff filed a merits brief. (ECF No. 13.)

　　　　The parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g) and entry of judgment on September 10, 2021.  (ECF No. 14.)  On

September 14, 2021, the Court granted the joint motion and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered. (ECF Nos. 15, 16.)

Now before the Court is a joint motion for the award and payment of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs pursuant to 28 U.S.C. § 1920. (ECF No. 17.) The parties jointly ask the Court to award Plaintiff attorney fees and expenses in the amount of $4,600.00. (*Id.* at 1.) This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.*)

A litigant is entitled to attorney's fees under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A). "A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)).

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854 (citation omitted) (citing *Schaefer*, 509 U.S. at 297). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 602 (9th Cir. 2007).

Here, the Court finds that the parties' joint motion is timely, Plaintiff is the prevailing party in this action, the Commissioner has not met her burden of showing her position was substantially justified or that special circumstances make an award unjust, and the stipulated amount of fees is reasonable.[1]  Accordingly, the Court **GRANTS** the parties' joint motion and **AWARDS** Plaintiff $4,600.00 pursuant to the EAJA.

IT IS SO ORDERED.

Dated:  November 19, 2021

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[1]     Counsel's hourly rates are in line with the Ninth Circuit's EAJA hourly rate.  (ECF No. 17-2.)  Plaintiff's counsel billed 1.02 hours in 2020 at an hourly rate of $207.78, and 18.26 hours in 2021 at an hourly rate of $213.74.  (*Id.*)  The Ninth Circuit's EAJA hourly rate was $207.78 for work performed in 2020 and $213.74 for work performed in the first half of 2021.  *See Statutory Maximum Rates Under the EAJA*, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited November 19, 2021).  The paralegal rate of $143.00 is also consistent with the median hourly rate for paralegals in San Diego.  *See Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (courts may approve paralegal rates at prevailing market rates); *Roland S. v. Saul*, No. 3:20-CV-01068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding an hourly rate of $143 for work done by a paralegal in 2020 and 2021 in the San Diego area to be reasonable based on the prevailing market rate).